| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LOTTIE COHEN, Attorney at Law, SBN 094674<br>LAW OFFICES OF LOTTIE COHEN<br>3637 Motor Ave., Suite 360<br>Los Angeles, CA 90034<br>Tel.: (310) 204-0099<br>Fax: (310) 204-0095<br>Email: lottie.cohen@hotmail.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Fulton Manor Homeowners Assoc., Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br><br>BOYD, LISA DUNN<br><br><br><br><br>Debtor(s). | CASE NO.: 1:13-bk-16160-AA<br><br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362<br>(with supporting declarations)<br>(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 11/19/2014<br>TIME: 11:30 am<br>COURTROOM: 1568 |

**Movant:** FULTON MANOR HOMEOWNERS ASSOCIATION, INC.

1. **Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☐ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  10/20/2014

LAW OFFICE OF LOTTIE COHEN
Printed name of law firm (if applicable)

LOTTIE COHEN, Attorney at Law
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 2                          F 4001-1.RFS.NONBK.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**
   a. ☐ Plaintiff
   b. ☐ Defendant
   c. ☒ Other *(specify):* Cross-complainant

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Lisa Hines v. Fulton Manor Homeowners, Association, Inc.
   b. *Docket number*: LC093980
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
      Los Angeles Superior Court, Northwest District, 6230 Sylmar Ave., Van Nuys, CA 91401
   d. *Causes of action or claims for relief (Claims):*
      Homeowner assessment claim; quieting title to debtor's stock interest; quieting title to debtor's rogue deed of 2010; quieting title of cross-def.Guiboa's deed of trust claim; judicial foreclosure of debtor's stock certificate.

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7 ☐ 11 ☐ 12 ☒ 13
      was filed on *(date)*  09/23/2013  .

   b. ☒ An order to convert this case to chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on *(date)*  12/13/2013  .

   c. ☐ A plan was confirmed on *(date)* _____.

4. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 3                                F 4001-1.RFS.NONBK.MOTION

f. ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*):
    If discharge is granted, then movant Homeowers Association  will never be able to quiet title to the real property or the related stock certificate.

5. **Grounds for Annulment of Stay.  Movant took postpetition actions against the Debtor.**

    a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

    c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

    a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b. ☒ Supplemental declaration(s).

    c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

    d. ☐ Other evidence (*specify*):

7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☐ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                         Page 4                        **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.


Date:  10/20/2014

LAW OFFICE OF LOTTIE COHEN
Printed name of law firm (*if applicable*)

LOTTIE COHEN, Attorney at Law
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 5                              F 4001-1.RFS.NONBK.MOTION

Attachment to pg. 5, Item 8

(Motion for Relief from Automatic Stay)

That Movant shall be entitled to

(1) Obtain a judgment on the subject cross-complaint, First Cause of Action for Collection of Special Assessments, with the limitation that satisfaction for this count shall be limited to debtor's stock certificate interest pled in the cross-complaint;

(2) Obtain a judgment on the subject cross-complaint, equitable relief in the second cause of action to quiet title as against debtor stock certificate Interest;

(3) Obtain a judgment on the subject cross-complaint, equitable relief in the third cause of action to quiet title as against debtor's rogue deed;

(4) Obtain a judgment on the subject cross-complaint, equitable relief in fourth cause of action to quiet title as against cross-defendant James Guiboa's deed of trust;

(5) Obtain a judgment on the subject cross-complaint, equitable relief in the fifth cause of action for judicial foreclosure of debtor's stock certificate interest in the housing cooperative pled in cross-complaint; and

(6) Obtain a judgment on the subject cross-complaint, sixth cause of action, for declaratory relief, seeking a declaration that debtor's interest in the stock certificate is extinguished.

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) _LOTTIE COHEN_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☒ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (title and capacity):
   ☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☐ Plaintiff
   ☐ Defendant
   ☒ Other (specify): Cross-complainant Fulton Manor Homeowners Association, Inc.

4. The Nonbankruptcy Action is pending as:

   a. Name of Nonbankruptcy Action: Lisa Hines v. Fulton Manor Homeowners, Association, Inc.
   b. Docket number: LC093980
   c. Nonbankruptcy court or agency where Nonbankruptcy Action is pending:
      Los Angeles Superior Court, Northwest District, 6230 Sylmar Ave., Van Nuys, CA 91401

5. **Procedural Status of Nonbankruptcy Action:**

   a. The Claims are:
      (1) Homeowner assessment claim; (2) quieting title to debtor's stock interest; (3) quieting title to debtor's rogue deed of 2010; (4) quieting title of cross-def.Guiboa's deed of trust claim; (5) judicial foreclosure of debtor's stock certificate; and, (6) declaratory relief.

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _1____.

   c. The Nonbankruptcy Action was filed on (date) _06/21/2011__.

   d. Trial or hearing began/is scheduled to begin on (date) _02/03/2015__.

   e. The trial or hearing is estimated to require _2___ days (specify).

   f. Other plaintiffs in the Nonbankruptcy Action are (specify):
      None.
      NOTE: Only the cross-complaint remains because the intial complaint broght by Debtor was dismissed by the court as a result of discovery terminating sanctions.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

Additional cross-defendant: Guiboa James

5.  **Grounds for relief from stay:**

a.  ☐  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☐  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.  ☒  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)  ☐  It is currently set for trial on (*date*)_____.

(2)  ☒  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) 02/04/2015 .  The basis for this belief is (*specify*):
This case has been fully readied for trial since 2012, and Movant will seek a trial date on an ex parte basis when the stay is lifted.

(3)  ☒  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)  ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

(3)  ☐  Multiple bankruptcy cases affecting the Property include:

(A)  Case name:
Case number:                                      Chapter:
Date filed:                   Date discharged:                   Date dismissed:
Relief from stay regarding this Nonbankruptcy Action    ☐ was   ☐ was not   granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:

Case number:                                    Chapter:

Date filed:              Date discharged:              Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

(C) Case name:

Case number:                                    Chapter:

Date filed:              Date discharged:              Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

6. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/20/2014 | LOTTIE COHEN, Attorney at Law | _Signature_ |
|---|---|---|
| _Date_ | _Printed name_ | _Signature_ |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 8                              F 4001-1.RFS.NONBK.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3637 Motor Ave., Suite 360, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/21/14**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carlo O Reyes (Attorney for debtor) - bankruptcynotices226150@gmail.com
Eliza Ghanooni (Attorney for J. Guiboa) - eliza@ghanoonilaw.com
Diane Weil (TR) - https://ecf.cacb.uscourts.gov/cgi-bin/DktRpt.pl?798088463224711-L_1_0-1

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Lisa Dunn Boyd
7542 New Castle Avenue
Reseda, CA 91335

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge Alan M. Ahart
21041 Burbank Boulevard
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/20/2014 | Yuri Kogan | |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 9                                **F 4001-1.RFS.NONBK.MOTION**

Lottie Cohen, Attorney at Law, SBN 094674
LAW OFFICES OF LOTTIE COHEN
3637 Motor Ave., Suite 360
Los Angeles, CA 90034
Tel.: (310) 204-0099
Fax: (310) 204-0095
Email: lottie.cohen@hotmail.net

Attorney for FULTON MANOR HOMEOWNERS ASSOCIATION, INC.


# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BOYD, LISA DUNN<br><br>          Debtor, | Case No. :  1:13-bk-16160-AA<br><br>Chapter 7<br><br>SUPPLEMENTAL DECLARATION OF LOTTIE COHEN IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY BY FULTON MANOR HOMEOWNERS ASSOCIATION, INC.<br><br>(Establishing a Prima Facie Case of the Action Sought to Be Litigated in State Court).<br><br>Date:    November 19, 2014<br>Time:   11:30 a.m.<br>Ct.Rm: 1568 |

## DECLARATION OF LOTTIE COHEN

I, Lottie Cohen, declare:

1.      If called as a witness I could competently testify to the following matters which are of my own knowledge, except as to those matters stated on information and belief.

1

2.     I am the corporate and litigation attorney for FULTON MANOR

HOMEOWNERS ASSOCIATION, INC. I assisted in the formation of the corporation and

in the organizing its cooperative housing and homeowner's association. As such, I am

the person most qualified to testify to the following matters. The cross-complaint which

movant wishes to litigate in state court concerns property located at 4539½ Fulton Ave.

in Sherman Oaks, California 91423, which property is a quadraplex. In particular, it

concerns debtor Boyd's one-fourth tenancy in common interest real property interest

which was previously owned by owned by her, who at the time was known as Lisa

Hines.

3.     The subject motion seeks to obtain a judgment in the civil cross-complaint

action filed in the case of *Lisa R. Hines v. Fulton Manor Homeowners Association, Inc.*

*et al.,* Los Angeles Superior Court Case No. LC 093980. The cross-complaint in said

action is entitled *Fulton Manor Homeowners Association v. Lisa R. Hines, James*

*Guiboa, and all persons unknown claiming any legal or equitable right, etc., et al.*

4.     Inasmuch, as the Debtor's initial complaint in said action was dismissed by

the court as a discovery termination sanction, only the cross-complaint remains, with the

Movant as the cross-complainant and cross-defendants being

     (a) The Debtor; and

     (b) James Guiboa the person from whom Boyd purchased her one-fourth

          interest, who is also a creditor in this bankruptcy action.

2

5.      This motion seeks relief from the automatic stay as to the quiet title causes of action the other causes of action otherwise relating to foreclosure of debtor's formerly-owned stock certificate, which altogether comprise six causes of action.

6.      The cross-complaint pleads the following causes of action:

First Cause of Action- Collection of Special Assessments *(satisfaction of which will be limited to debtor's stock certificate interest)*;

Second Cause of Action - Quiet Title as against Lisa Hines's Stock Certificate Interest;

Third Cause of Action- Quiet Title as against Hines' 2010 Rogue Deed;

Fourth Cause of Action - Quiet Title as against Guiboa Deed of Trust;

Fifth Cause of Action - Judicial Foreclosure of Stock Certificate Interest; and

Sixth Cause of Action - Declaratory Relief *(seeking a declaration that debtor's interest in the stock certificate is extinguished).*

6.      Causes of action  1, 2, 5, and 6, all relating to the special monetary assessments are based on the following facts and considerations:

a. Prior to the civil action, L.A.S.C. Case No. LC 093980, Hines transferred her ¼ tenancy-in-common interest (again, the entire property is a quadraplex) as part of the creation of a statutory housing cooperative corporation. Monthly dues were assessed against debtor Boyd. Debtor failed to pay her monthly dues and an unlawful detainer action was filed, resulting in a judgment for possession and monetary damages. Because Hine's unit was occupied by her subtenant, a new

lease was established between movant and the subtenant. The monetary damages part of the unlawful detainer judgment resulted in an Abstract of Judgment record on January 10,2012 on Debtor's other real properties as shown by Exhibit 2. Debtor Boyd's Petition for Bankruptcy shows Debtor

(a)  failed to name movant Fulton Manor Homeowners Association, Inc. as an unsecured creditor;

(b)  failed to serve movant or your declarant's law office with notice of the bankruptcy;

(c)  failed to list movant's secured creditor abstract of judgment as an indebtedness;

(d)  failed to list the pending law civil lawsuit;

(e)  failed to notify the Honorable Huey P. Cotton as the trial judge that the trial set for September 2014 was stayed.

b. Count 1 would adjudicate movant's special assessments, and Count 2, also relating to said special assessments, seeks to quiet title as against Lisa Hines's Stock Certificate Interest. Count 5 would foreclose, by reason of the assessments, on any claims by debtor to the stock certificate or its correlative real property interest. Count 7 seeks a declaration of the rights and responsibilities of the movant and debtor respecting the stock certificate and its correlative real property interest.

7.    Count 7, pertaining to debtor's rogue deed, and Count 4, pertaining to co-cross-defendant Guiboa's deed of trust, are based on the following facts considerations:

4

a.    Prior to September 25, 1993, James Guiboa, Mary Guiboa, and Nancy Guiboa held title to the one-fourth interest. On this date, these three individuals executed a deed purporting to transfer title to THE GUIBOA TRUST, DATED MAY 16, 1993. The deed failed to name a trustee, and was thus defective. It was recorded November 1, 1993.

b.    On or about April 25, 1997, notwithstanding said defect, a deed was executed purportedly transferring the property from the Trust to James Guiboa. This deed was not recorded.

c.    In approximately June 2001, notwithstanding his defective title, James Guiboa sold the subject one-fourth tenancy in common real property to Lisa R. Hines, aka, Lisa Boyd. The deed for the sale was not recorded. As part of this transaction, Lisa Hines executed a Deed of Trust in favor of James Guiboa as security for a note in the amount of $132,300. Guiboa is designated as the lender, trustee, and beneficiary in the deed of trust, and thus the deed of trust was further defective from its inception. It should be noted that Guiboa is an unsecured creditor in this bankruptcy, so the debt owed by Boyd to Guiboa will likely be discharged in this bankruptcy.

d.    On June 9, 2004, Lisa Hines (Boyd) executed a grant deed to movant Fulton Homeowners Association, Inc. ("FULTON HOA" or "movant"). Because of the defects in Hine's title, movant's title was therefore clouded.

e.    Subsequent title instruments included one to correct the above-referenced Guiboa Trust's vesting, and another a grant deed by James Guiboa to Hines recorded May 11, 2005. The latter deed was recorded without an accompanying deed of trust.

f.      On November 14, 2005, debtor Hines (Boyd) provided a deed confirming her transfer to movant, thereby giving movant FULTON HOA clear title. In exchange, Hines received on share of stock in FULTON HOA.

g.      Thereafter in 2010, debtor Hines failed to pay homeowner assessments and was evicted in an unlawful detainer as explained above in paragraph 6.a.

h.      On February 24, 2010, debtor Hines executed a document (as if she alone constituted Movant's Board of Directors) purporting to be a deed transferring FULTON HOA's interest back to herself; she recorded the document. Accordingly, it is a "rogue" deed, false and fraudulent, which also clouds Movant's title.

8.      Once again, although the cross-complaint alleges relief respecting said money assessments in First Cause of Action, in a manner that would permit a monetary judgment, this motion seeks relief that would permit satisfaction of any such judgment to be satisfied from the stock certificate and, of course, its correlative real property interest.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of the United States of America.

Executed this October 21, 2014, in Los Angeles, California.

Lottie Cohen, Declarant

6

# EXHIBIT 1

# SUMMONS
## Cross-Complaint
### (CITACION JUDICIAL–CONTRADEMANDA)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO CROSS-DEFENDANT:**
*(AVISO AL CONTRA-DEMANDADO):*

LISA R. HINES, an individual; JAMES GUIBOA, an individual and Trustee of the Guiboa Trust, dated
May 16, 1993; and all persons unknown, claiming any legal or equitable rught, title, estate, lien or
interest in the property described in the Cross-Complaint adverse to Cross-Complainants title, or any

**YOU ARE BEING SUED BY CROSS-COMPLAINANT:** cloud on Cross-Complainant's title thereto;
*(LO ESTÁ DEMANDANDO EL CONTRADEMANDANTE):* and ROES 1 to 5, inclusive

FULTON MANOR HOMEOWNERS ASSOCIATION, INC.

ORIGINAL FILED
Northwest District

APR 09 2012

LOS ANGELES
SUPERIOR COURT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a
copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you
want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more
information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse
nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may
lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an
attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services
program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California
Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The
court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's
lien must be paid before the court will dismiss the case.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por esqrito
en esta corte y hacer que se entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta
por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que
usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las
Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede
pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su
respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a ur
servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales
gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de
California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o
oniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los
costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una
concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES COUNTY SUPERIOR COURT<br>6230 Sylmar Avenue<br>Van Nuys, CA 91401 | SHORT NAME OF CASE *(from Complaint)*: *(Nombre de Caso)*:<br>HINES v. FULTON<br>CASE NUMBER: *(Número del Caso)*:<br>LC093980<br><br>Northwest District |

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene
abogado, es):*

Lottie Cohen, Attorney at Law                    Telephone: 310-204-0099
3637 Motor Avenue, Suite 360                     Fax: 310-204-0095
Los Angeles, CA 90034

DATE:                                    Clerk, by _____ , Deputy
*(Fecha)*                                *(Secretario)*                              Kim Garrison    *(Adjunto)*
APR 09 2012   JOHN A CLARKE

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual cross-defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*: JAMES GUIBOA AN INDIVIDUAL AND
   TRUSTEE OF THE GUIBOA TRUST, DATED May 16, 1993
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other *(specify)*: TRUST
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

1  | Lottie Cohen, Attorney at Law, SBN 094674
2  | H. Michael Yuen, Attorney at Law, SBN 266456
   | Law Offices of Lottie Cohen
3  | 3637 Motor Avenue, Suite 360
   | Los Angeles, California 90034
4  | Tel.: (310) 204-0099
5  | Fax: (310) 204-0095
   | Email: lottie.cohen@sbcglobal.net
6  | Attorneys for Defendant and Cross-Complainant
7  | FULTON MANOR HOMEOWNERS ASSOCIATION, INC.

ORIGINAL FILED
Northwest District

APR 09 2012

LOS ANGELES
SUPERIOR COURT

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

10

11 | LISA R. HINES,

12 |             Plaintiff,

13 |

14 | v.

15 | FULTON MANOR HOMEOWNERS
   | ASSOCIATION, INC.; PARVIS
16 | KOUSEHKANANI; FERESHTEH
17 | KOUSEHKANANI; RITA FRABOTTA
   | PALANCE; SHERMIN YAGHOUBI;
18 | RAMBOD JACOBY; MICHAEL MAHYAR
   | YAGHOUBI; SASHA VAN DUYN; and all
19 | legal, equitable rights, title, estate, lien or
20 | interest in the property described in the
   | complaint adverse to PLAINTIFF's title or any
21 | cloud on PLAINTIFF's title thereto, and
   | DOES 1 through 25, inclusive,
22 |

23 |             Defendants.

24 | FULTON MANOR HOMEOWNERS
25 | ASSOCIATION, INC.,

26 |             Cross-Complainant,

27 | v.

28 |

CASE NO.: LC093980

**FULTON MANOR HOMEOWNERS ASSOCIATION, INC.'S CROSS-COMPLAINT FOR:**

**I. COLLECTION OF SPECIAL ASSESSMENTS;**
**II. QUIET TITLE AS AGAINST LISA R. HINES' STOCK CERTIFICATE INTEREST;**
**III. QUIET TITLE AS AGAINST HINES' 2010 ROGUE DEED;**
**IV. QUIET TITLE AS AGAINST GUIBOA DEED OF TRUST**
**V. JUDICIAL FORECLOSURE; AND**
**VI. DECLARATORY RELIEF**

The Honorable Judge Frank Johnson, Department B

FULTON MANOR HOMEOWNERS ASSOCIATION, INC.'S VERIFIED CROSS-COMPLAINT

1  LISA R. HINES, an individual; JAMES          )
2  GUIBOA, as an individual and Trustee of the  )
   Guiboa TRUST, DATED MAY 16, 1993; all        )
3  persons unknown, claiming any legal or        )
   equitable right, title, estate, lien, or interest in )
4  the property described in the Cross-          )
   Complaint adverse to Cross-Complainant's      )
5  title, or any cloud on Cross-Complainant's    )
   title thereto; and ROES 1 to 5, inclusive.    )
6                                                 )
7                                                 )
              Cross-Defendants.                   )
8  _____    )

9       Cross-Complainant FULTON MANOR HOMEOWNERS ASSOCIATION, INC.

10 alleges as follows:

11

12                      **I. FIRST CAUSE OF ACTION FOR**
                    **COLLECTION OF SPECIAL ASSESSMENTS**
13                  **(FULTON HOA against LISA R. HINES and ROES 1-5)**

14      1.      Cross-Complainant FULTON MANOR HOMEOWNERS ASSOCIATION,

15 INC. (hereinafter "FULTON HOA") is a nonprofit mutual benefit corporation and a

16 common interest development created as a four-unit housing cooperative, pursuant to

17 the Davis Sterling Act, Civil Code §§1351, et seq.

18      2.      Cross-Defendant LISA R. HINES is an individual who is a resident of Los

19 Angeles County, California, and who during the relevant times described herein was a

20 tenant/shareholder in FULTON HOA.

21

22      3.      Cross-Defendant JAMES GUIBOA, also known as James O. Guiboa, Jr., is

23 an individual and is a resident of Los Angeles County, California, and at all relevant

24 times described herein was the Trustee of THE GUIBOA TRUST, DATED MAY 16,

25 1993. JAMES GUIBOA was a previous owner of the following property, which is the

26 Subject Real Property disputed in this lawsuit:

27

28      a. Legal Description: an undivided one-fourth interest in and to lot 2 of tract No.

                                    2

14946 as per map recorded in Book 311, pages 47 and 48 of Maps, in the office of County Recorder of Los Angeles County;

b. APN: 2360-020-030,

c. Commonly known as: 4539 ½ Fulton Avenue, Sherman Oaks, California 91423 (hereinafter "Subject Real Property").

d. Once this 25% tenancy in common interest was deeded to the Fulton HOA in exchange for a Stock Certificate, then the correlative interest in the Stock Certificate is also real property as defined in Civil Code section 783.1.

4.     The Cross-Defendants herein named as "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Cross-Complaint adverse to Cross Complainant Fulton Manor Homeowners Association, Inc.'s title, or any cloud on Cross Complainant Fulton Manor Homeowners Association, Inc.'s title thereto" (hereinafter sometimes referred to as "the unknown Cross-Defendants") are unknown to Cross Complaint. These unknown Cross-Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Cross Complainant Fulton Manor Homeowners Association, Inc.'s title; and their claims, and each of them, constitute a cloud on Cross Complainant Fulton Manor Homeowners Association, Inc.'s title to that property.

5.     Cross-Defendants ROES 1 to 5 are unknown fictitious cross-defendants. Cross Complainant Fulton Manor Homeowners Association, Inc. is ignorant of the true names and capacities of Cross-Defendants sued in this Cross-Complaint as ROES 1-5, inclusive, and therefore sues these Cross-Defendants by these fictitious names. Cross Complainant Fulton Manor Homeowners Association, Inc. will amend this Cross-Complaint to allege their true names and capacities when ascertained. Cross

1   Complainant Fulton Manor Homeowners Association, Inc. is informed and believes and

2   thereon alleges that said Cross-Defendants, and each of them, is responsible in some

3   manner for Cross Complainant Fulton Manor Homeowners Association, Inc.'s damages

4   herein alleged.

5

6         6.       In or about September 1993, JAMES GUIBOA, Mary Guiboa, and Nancy

7   Guiboa held title to the Subject Real Property in joint tenancy.  On or about September

8   25, 1993, JAMES GUIBOA, Mary Guiboa, and Nancy Guiboa executed a Grant Deed to

9   transfer the Subject Real Property to THE GUIBOA TRUST, DATED MAY 16, 1993.

10  This Grant Deed was recorded on November 1, 1993 under document number #93-

11  2124599 by the Recorder's Office of the Los Angeles County.  (This Grant Deed is

12  hereinafter referred to as "1993 Grant Deed.")  This 1993 Grant Deed was invalid, void,

13  or voidable because the grantee on said deed, THE GUIBOA TRUST, DATED MAY 16,

14  1993, could not hold title, and the 1993 Grant Deed did not disclose the name of the

15  trustee.

16

17        7.       On or about April 25, 1997, a Grant Deed was supposedly executed to

18  transfer the Subject Real Property from THE GUIBOA TRUST, DATED MAY 16, 1993 to

19  JAMES GUIBOA as an individual.  This Grant Deed appears to be unrecorded.

20

21        8.       About or before June 2001, LISA R. HINES purchased Subject Real

22  Property from JAMES GUIBOA.  JAMES GUIBOA purportedly transferred the Subject

23  Real Property to LISA R. HINES.  However, the chain of title prior to JAMES GUIBOA's

24  ownership of the Subject Real Property at that time was defective; therefore, JAMES

25  GUIBOA did not have clear title to transfer to LISA R. HINES.  In addition, the purported

26  transfer from JAMES GUIBOA to LISA R. HINES was not recorded.  Accordingly, LISA

27  R. HINES did not have recorded title to the Subject Real Property from this 2001

28

---

**4**

purported transaction.

9.      As part of Hines purchase price of the Subject Property, on June 29, 2001, LISA R. HINES purportedly executed a Deed of Trust in favor of JAMES GUIBOA, which was recorded on April 27, 2004,  as security for a loan in the amount of $132,300. Guiboa is  the lender, Trustee, and Beneficiary on the Deed of Trust (this Deed of Trust is hereinafter referred to as "Guiboa Deed of Trust").  Said Guiboa Deed of Trust was recorded as document number 000001033901 by the Recorder's Office of the Los Angeles County.  At the time LISA R. HINES executed this Guiboa Deed of Trust, however, she did not own any recorded right, title, or interest in the Subject Real Property, such that the Deed of Trust was completely invalid, void, and/or voidable as out of the chain of title.

10.      On or about June 9, 2004, LISA R. HINES executed a Grant Deed transferring the Subject Real Property to FULTON HOA.  This Grant Deed was recorded on October 13, 2004 under document number 2626175 by the Recorder's Office of the Los Angeles County.  However, because LISA R. HINES did not hold title to the Subject Real Property at that time, this Grant Deed was invalid.

11.      The defects in the chain of title, and the fact that the transfer of the Subject Real Property from JAMES GUIBOA to LISA R. HINES was not recorded, were subsequently discovered by a title company.  To cure these problems, the title company suggested:

a) A correction deed be executed to correct the 1993 Grant Deed so that the name of the Trustee of the Guiboa Trust was named as the grantee; and,

b) Another deed be executed to transfer the Subject Real Property from JAMES GUIBOA to LISA R. HINES.

12.    The Guiboa Trust correction deed was subsequently executed and recorded. Also, a Grant Deed was recorded on May 11, 2005, as document number 1112119, transferring the Subject Real Property from JAMES GUIBOA to LISA R. HINES. Although the above defects were cured, the invalid, void, or voidable Guiboa Deed of Trust was never re-recorded in the proper chain of title. Accordingly, LISA R. HINES obtained title to the Subject Real Property from Guiboa without a recorded lien being subsequently re-recorded. While Hines personally owed Guiboa $132,000 as part of her purchase price, this appears to be an unsecured debt not in the chain of title when Hines deeded her interest in the Subject Property to Fulton HOA.

13.    Subsequently, LISA R. HINES transferred her interest in the Subject Real Property to FULTON HOA by a Grant Deed recorded on November 14, 2005, as document number 2735950. This second transfer occurred in sequence after Guiboa deeded his interest to Hines, giving FULTON HOA clear title to the Subject Real Property without any encumbrance. FULTON HOA is not indebted to JAMES GUIBOA, individually or as Trustee of THE GUIBOA TRUST DATED MAY 16, 1993, and took clear title to the Subject Real Property.

14.    In exchange for transferring her interests in the Subject Real Property to FULTON HOA, LISA R. HINES received one share of stock ("Subject Share of Stock") in FULTON HOA. The Subject Share of Stock is correlative to the Subject Real Property pursuant to Civil Code section 783.1.

15.    On or about April 27, 2004, Cross-Defendant LISA R. HINES and Cross-Complaint FULTON HOA entered into an Occupancy Agreement, which is what a residential lease is called for cooperative housing corporations.

16.    LISA R. HINES was one of the four initial stockholders of FULTON HOA

6

1  who explicitly agreed to the adoption, terms and conditions of the Bylaws, as shown by

2  the corporate minutes signed by LISA R. HINES.

3      17.    Together, the Bylaws and Occupancy Agreement comprise FULTON

4  HOA's governing documents. From approximately 2004 to the end of 2010, Cross-

5  Defendant LISA R. HINES was both a tenant subject to the Occupancy Agreement, and

6  a stockholder subject to the FULTON HOA Bylaws. Hines never resided at the premises

7  but instead sublet it out to subtenants, the last of whom was Sasha Van Duyn.

8      18.    Pursuant to the Occupancy Agreement and the Bylaws, LISA R. HINES

9  was responsible for payment of both her regular monthly assessments, as well as any

10 taxes and special assessments imposed by Fulton HOA. The regular monthly

11 assessment constituted rent under the Occupancy Agreement which established a

12 landlord/tenant relationship between Fulton HOA and Hines, respectively.

13     19.    From January 1, 2005 through to the end of 2010, pursuant to its authority

14 under Civil Code Section 1366 to levy special assessments, and in compliance with

15 Article 1, Sections 1 and 2, Article 2, Sections 1 and 2, Article 8, Section1, and Article

16 15, Section 1 of the Occupancy Agreement, and Article II, Sections 02.5 and 02.9 of the

17 Bylaws, Cross Complainant Fulton Manor Homeowners Association, Inc. levied taxes

18 and special assessments in the amount in excess of $25,000 on the Subject Real

19 Property. The special assessments were levied by Fulton HOA against Hines for the

20 purposes of Hines paying her portion of real property tax and for Hines performing her

21 obligations under the Occupancy Agreement and the Bylaws and under Civil Code

22 Section 1366. Pursuant to Occupancy Agreement, these assessments were due and

23 payable on the first day of each month and become delinquent on the 15th day of the

24 month.

---

7

20.    Article 1, Sections 1 and 2 of the Occupancy Agreement provides:

"Section 1.    Commencing at the time indicated in Article 2 hereof, the

Shareholder agrees to pay to the Corporation a monthly sum referred to herein as

'Carrying Charges,' equal to the Shareholder's share of the sum required by the

Corporation, as estimated by its Board of Directors to be necessary to meet the

Cooperative's operations and reserves budget.

Section 2.    The Board of Directors will determine the amount of the Carrying

Charges annually, but may do so at more frequent intervals, should

circumstances so require.  No Shareholder will be charged for more than his/her

proportionate share thereof as determined by the Board of Directors.  The

Shareholder also agrees to pay all Special Carrying Charges as reasonably

determined by the Board."

21.    Article 2, Sections 1 and 2 of the Occupancy Agreement provides:

"Section 1.    Carrying Charges are due and payable on the first day of each

month and become delinquent on the 15th day of the month.  In the event of

delinquency, on the 15th day of the month, 10% of the carrying charge will be

added to the Carrying Charges. Also, simple annual interest will accrue at an

annual percentage rate not to exceed twelve (12%) percent on the delinquent

amount, including late fees. See also, Article 15.

Section 2.    Default by Shareholder.  Failure to pay Carrying Charges by the 30th

day of the month will result in default, unless arrangements for payment have

been made to the Board's satisfaction.  Such default may result in eviction

through summary proceedings."

22.    Article 8, Section 1 of the Occupancy Agreement provides:

8

"Section 1.     The Corporation will provide and pay for all necessary management, operation and administration of the Cooperative, including the common area; pay or provide for the payment of all general liability and carrying charges levied against the common area; and pay or provide for the payment of fire insurance and extended coverage, and other insurance as required by any mortgage on property in the homeowners association, and such other insurance as the Corporation may deem advisable.  The Corporation will not, however, provide insurance on the Shareholder's personal property.  Earthquake insurance is not required but is optional in the discretion of the Board.  Each member shall pay his or her portion of allocated property tax."

23.     Article 15, Section 1 of the Occupancy Agreement provides:

"Section 1.     The Shareholder covenants and agrees that, in addition to the other sums that have become or will become due, pursuant to the terms of this Occupancy Agreement, the Shareholder will pay to the Corporation a $10.00 late payment fee for each payment of Carrying Charges, or part thereof, more than fifteen (15) days in arears."

24.     Article II, Section 02.5 of the Bylaws provides:

"Section 02.5          Fees and Other Charges.  Each Owner shall be responsible for the payment of the following fees:

    (a)     An initial ownership fee equal to $50.00:

    (b)     Monthly homeowner charges (the "Homeowner's Fees"), as determined by the Board, from time to time;

    ( c)     Transfer fees (the "Transfer Fee") not to exceed one hundred fifty ($150) dollars, as determined by the Board, in the event of a sale;

and

(d)    Such reasonable fees and assessments as the Board or Owners

may from time to time require."

23.    Article II, Section 02.9 of the Bylaws provides:

"Section 02.9        Homeowner's Fees.        As reasonably determined by the

Board, each Owner shall be obligated to pay Homeowner's Fees to the

Corporation.  The Homeowner's Fees shall cover the cost of regular monthly

maintenance of the Common Area (including service contracts and minor

repairs), basic cable television, common area utility charges, insurance costs,

capital reserves and capital improvement costs.  In addition, each Owner may be

subject a special assessment, in the event the Board determines such special

assessment is necessary."

24.    For at least the past four years, LISA R. HINES failed and refused to pay

FULTON HOA for a number of regular and special assessments.  With regard to the

regular monthly assessments of rent, see paragraph 25, below. With regard to the

special assessments due, Cross-Complainant FULTON HOA has had to incur debts on

behalf of LISA R. HINES including but not limited to property taxes, common area

repairs, insurance and other common area expenses.  LISA R. HINES failed and

refused to pay her portion of special assessments such as property taxes and common

area expenses.  Through the period ended December 31, 2010,  LISA R. HINES is

indebted to FULTON HOA in an amount in excess of $25,000.  LISA R. HINES has

failed and refused, and continues to fail and refuse, to make the payments of the special

assessments, property taxes, late charges, and interest.

25.    With regard to the monthly regular assessments, called rent, on November

1   12, 2010, FULTON HOA filed an unlawful detainer action against LISA R. HINES, Fulton

2   Manor Homeowners Association, Inc. v. LISA R. HINES, LASC Case No. 10B07022, On

3   December 29, 2010, Judgment was entered for unpaid [regular assessments] rent;

4

5   possession, and forfeiture of the Occupancy Agreement [residential lease] in favor of

6   FULTON HOA. Since Hines was not actually residing at the premises, when the

7   cooperative was granted possession at the end of December 2010, Fulton HOA entered

8   into a rental agreement directly with the tenant Sasha Van Duyn.

9       26.    The Unlawful Detainer did not address any of the special assessments

10  owned by Hines to Fulton HOA, which amount is of special assessments is being sought

11

12  to be collected in this first cause of action. The balance owed to FULTON HOA and

13  sought in this Cross-Complaint do not include the amounts included in FULTON HOA's

14  unlawful detainer judgment against LISA R. HINES in Los Angeles Superior Court Case

15  No. 10B07022.  LISA R. HINES failed and refused to pay all or any part of the balance

16  owed to FULTON HOA.

17

18      27.    Cross Complainant Fulton Manor Homeowners Association, Inc. has

19  repeatedly demanded payment from LISA R. HINES. The last demand was made within

20  the last two years.

21      28.    No payment has been made by Cross-Defendant Lisa Hines to Cross

22  Complainant Fulton Manor Homeowners Association, Inc., and there is now owing an

23  amount in excess of $25,000, plus late charges, and interest at the rate of 12 percent.

24

25      29.    Cross Complainant Fulton Manor Homeowners Association, Inc. is

26  informed and believes and thereon alleges that Cross-Defendants LISA R. HINES and

27  ROES 1-5, and each of them, acted in violation of the governing documents of FULTON

28  HOA.  Under Civil Code §1351(j), governing documents as defined as "the declaration

FULTON MANOR HOMEOWNERS ASSOCIATION, INC.'S VERIFIED CROSS-COMPLAINT

and any other documents, such as bylaws, operating bylaws, operating rules of the association, articles of incorporation, or articles of association, which govern the operation of the common interest development or association."

30.    The Occupancy Agreement is recorded with the Los Angeles County Recorder, and for the purpose of Civil Code §1352, is the Declaration for FULTON HOA.

31.    Pursuant to Civil Code §1354(a) and (b), Cross Complainant Fulton Manor Homeowners Association, Inc. requests the Court to enforce the covenants and restrictions in the Occupancy Agreement and the Bylaws against LISA R. HINES and ROES 1-5 for the payment of the special assessments.

32.    Cross-Complainant FULTON HOA seeks reasonable attorneys' fees incurred in handling disputes with LISA R. HINES. The amounts of attorneys' fees incurred by FULTON HOA in connection with this lawsuit, do not include the amounts of attorneys' fees awarded by the Court in FULTON HOA's unlawful detainer lawsuit against LISA R. HINES in Los Angeles Superior Court Case No. 10B007022.

33.    Article 15, Section 2 of the Occupancy Agreement contract between FULTON HOA and LISA R. HINES provides for attorneys' fees as follows:

"Should any litigation be commenced between the parties to this Occupancy Agreement concerning the dwelling unit, this Occupancy Agreement, or the rights and duties of either in relation thereto, the party prevailing in that litigation will be entitled, in addition to any other relief granted, a reasonable sum as and for attorneys' fees, which will be determined by the court or in a separate action brought for that purpose."

34.    The Bylaws which are binding upon LISA R. HINES provide for attorneys' fees as follows:

"Section 10.4 Attorney's Fees.  In any action brought for enforcement,
damages, declaratory relief with respect to the provisions of these Bylaws,
Occupancy Agreement or Rules and Regulations, the prevailing party will
be entitled to attorneys' fees and costs in such amounts as may be
ordered by the Court.  Attorney's fees will be charged to any owner as an
assessment for any legal services rendered to the Corporation for any
disciplinary communication or action against any owner, whether or not
said services are performed in connection with any legal action, arbitration,
mediation or other proceeding."

35.    Cross Complainant Fulton Manor Homeowners Association, Inc. has fully
performed its obligations pursuant to the terms of the governing documents, Bylaws and
Occupancy Agreement.

WHEREFORE, Cross-Complainant Fulton HOA seeks judgment against Cross-
Defendant Lisa Hines and ROES 1 to 5,s, and each of them, as follows:

a.    For the amount of the delinquent special assessments, which is in
        excess of $25,000 and to be determined at trial;

b.    For late charges in an amount according to proof;

c.    For interest on all the above at the rate of 12 percent;

d.    For reasonable attorney's fees in the amount according to proof.

e.    For the costs of suit incurred herein; and

f.    For a determination that Fulton HOA had lien on Hines Stock
        Certificate, upon which it exercised its right to cancel the Hines'
        stock certificate because of Hines' failure to pay off the lien amount.

g.    For such other further relief as the court may deem proper.

## II. SECOND CAUSE OF ACTION
## QUIET TITLE AS AGAINST LISA R. HINES' STOCK CERTIFICATE INTEREST
### (FULTON HOA against LISA R. HINES, all unknown Cross-Defendants, and ROES 1 TO 5)

36.    Cross Complainant Fulton Manor Homeowners Association, Inc. repeats, realleges and incorporates by reference paragraphs 1 through 35, inclusive, of this Cross-Complaint, as though set forth in full. In this second cause of action

37.    Since the end of 2010, Cross-Complainant Fulton HOA asserts that it is the sole owner of the Subject Share of Stock and its correlative real property interest.

38.    The basis of Cross Complainant Fulton Manor Homeowners Association, Inc.'s title is as follows: According to the Bylaws, Section 2.07:

"(a) The Board may act to terminate an Owner's membership (a "Termination of Occupancy Action") if any of the following events (each, and "Event of Default") occurs:

I.    The Corporation prevails in an unlawful detainer action against the Owner for failing pay Homeowner's Fees, after having recorded a notice of delinquent assessment pursuant to Section 1367(b) of the Civil Code."

[. . . .]

(e) If a defaulting Owner's ownership is terminated in accordance with the foregoing Section 2.07, such Owner's Occupancy Agreement shall be terminated by the Corporation, in accordance with the terms of the Occupancy Agreement.

(f) Within five (5) days following the termination of their ownership, **the defaulting Owner shall transfer to the Corporation his/her Share and Occupancy Agreement, endorsed as required by the Corporation.**

(g) The Corporation shall thereupon, at its election:

I.    Repurchase the Share at its fair market value, as determined by a

third party appraiser appointed by the Board, whose fee shall be

payable by the defaulting Owner, or

ii.    Proceed with reasonable diligence to affect the sale of the Share to

a third party, at a reasonable sales price in keeping with the current

market. [sic] without first re-offering the Unit for purchase by the

Corporation for an additional five (5) day period.

39.    As set forth in paragraphs 24 to 26, supra, Hines' default of nonpayment of

her monthly rent [regular assessments] resulted not only in a default which Hines failed

to cure, but in a judgment for rent damages, costs and attorneys' fees, in addition to

possession and forfeiture of the Occupancy Agreement.  The judgment against Hines'

in the unlawful detainer lawsuit constitutes res judicata in the instant lawsuit that said

default occurred.

40.    The Bylaws, Section 2.07(j) provides: "In the event that the defaulting

Owner shall fail to deliver her Share and Occupancy Agreement, as required by this

Article, for ten (10) days following the Board's demand for the same, such Share shall be

deemed canceled and shall be reissued by the Corporation to a new Owner purchasing

the same.

41.    According to the Bylaws, LISA R. HINES was required to transfer to

FULTON HOA the Subject Share of Stock within ten days after the December 29, 2010

Judgment in the unlawful detainer case.  Further, according to the Bylaws, if LISA R.

HINES was required to deliver the Subject Share of Stock for five days after the Board

demands for the same, the Subject Share of Stock shall be deemed canceled.  More

than ten days prior to filing this Cross-Complaint, FULTON HOA demanded the delivery

1  of the Subject Share of Stock.

2      42.    In 2010, Fulton HOA provided notice to Hines of a corporate hearing as to

3  why the cooperative should not terminate her stock certificate and concomitant

4  membership, and why the cooperative should not terminate her Occupancy Agreement.

5  Hines attended the meeting but after asking for more time and another hearing, failed to

6

7  attend the second hearing and failed to respond regarding all the special assessments

8  she owed by the spring of 2010. In late December 2010, Hines met with the cooperative

9  treasurer and legal counsel for several hours to review each item of special assessment

10  she owed Fulton HOA as of that time. Once the Unlawful Detainer judgment was

11  entered on December 29, 2010 regarding her default of payment of rent [regular

12

13  assessments] LISA R. HINES failed to transfer back the Subject Share of Stock within

14  five days after the December 29, 2010 Judgment in the unlawful detainer case. The

15  Subject Share of Stock was deemed transferred to Cross Complainant Fulton Manor

16  Homeowners Association, Inc. as of December 29, 2010, the date of the judgment,

17  when Hines' lost possession of the premises, and her Occupancy Agreement was

18

19  forfeited.

20      43.    Furthermore, ten days or more after the Board demanded for the delivery

21  of the Subject Share of Stock, FULTON HOA cancelled the Subject Share of Stock and

22  transferred it to Fulton HOA. Given that the Guiboa Deed of Trust amount exceeded the

23  fair market value of the stock certificate, the cooperative has been and remains

24  uncertain if the stock certificate can be resold until and unless this quiet title action is

25  completed. Meanwhile in good faith the cooperative Board of Directors decided to collect

26

27  rents from Sasha Van Duyn, and to apply those amounts toward Hines' indebtedness,

28  first applied to the ongoing regular and special assessments appurtenant to that unit,

1    and then applied to pay down Hine's various indebitness owed to the cooperative,

2    including, but not limited to, the cooperative's attorneys fees in connection with this

3    litigation, the monetary part of the unlawful detainer judgment plus interest, the special

4    assessments Hines owes to the cooperative, etc.

5

6        44.    Cross Complainant Fulton Manor Homeowners Association, Inc. is

7    informed and believes and thereon alleges that LISA R. HINES claims an interest

8    adverse to Cross Complainant Fulton Manor Homeowners Association, Inc. in the

9    Subject Share of Stock, the correlative real property, and the Subject Real Property as

10   follows: LISA R. HINES filed the Complaint in this lawsuit on June 21, 2011 seeking a

11   declaration that the title to the Subject Real Property is vested in LISA R. HINES alone

12   as of December 1, 2009, thereby claiming an interest adverse to Cross Complainant

13   Fulton Manor Homeowners Association, Inc.. Cross Complainant Fulton Manor

14   Homeowners Association, Inc. is informed and believes and thereon alleges that LISA

15   R. HINES has no right, title, or interest in the Subject Share of Stock, the correlative real

16   property, or the Subject Real Property.

17

18       45.    Some of the unknown Cross-Defendants, and ROES 1 through 5, claim

19   interests in the property adverse to that of Cross-Complainant Fulton HOA. Guiboa may

20   also claim an adverse interest in the Stock Certificate sought to be quieted by this

21   second cause of action.

22

23       46.    Cross-Complainant Fulton HOA has been seized and possessed of the

24   Subject Share of Stock and the correlative real property since December 29, 2010.

25   Fulton HOA has had a recorded fee simple interest in the Subject Real Property as

26   being solely on title since 2004, more than five years from the date of filing of this action.

27

28       47.    Cross Complainant Fulton Manor Homeowners Association, Inc. is seeking

1  to quiet title against the claims of LISA R. HINES, all unknown Cross-Defendants, and

2  ROES 1 through 5, regarding the Subject Share of Stock, all real property correlating

3  thereto. The claims of Cross-Defendants, and each of them, are without any right

4  whatever and such Cross-Defendants, and each of them, have no right, title, estate, lien,

5  or interest whatever in the Subject Share of Stock and the correlative real property,

6

7  and/or any part thereof.

8      48.    FULTON HOA seeks to quiet title as of January 3, 2011, five days after the

9  Judgment in the Unlawful Detainer case, the day when the Subject Share of Stock was

10  deemed transferred to FULTON HOA by LISA R. HINES according to the Bylaws. If the

11  court determines another date is more appropriate to this fact pattern, the Fulton HOA

12  will accept that alternative date.

13

14      49.    Cross-Complainant FULTON HOA seeks reasonable attorneys' fees

15  incurred in this with LISA R. HINES. The amounts of attorneys' fees incurred by

16  FULTON HOA do not include the amounts of attorneys' fees awarded by the Court in

17  FULTON HOA's unlawful detainer lawsuit against LISA R. HINES in Los Angeles

18  Superior Court Case No. 10B007022.

19

20      50.    WHEREFORE, Cross-Complainant Fulton HOA prays judgment against

21  Cross-Defendant Lisa Hines, James Guiboa and ROES 1 to 5, and each of them, as

22  follows:

23      a. For quiet title as of January 3, 2011 regarding the Subject Real Property, the

24  correlative real property,  against any and all adverse claims by LISA R. HINES, James

25

26  Guiboa,  all unknown Cross-Defendants, and ROES 1-5;

27      b. For a determination that Lisa Hines' Stock Certificate #7 is cancelled and that

28  Stock Certificate #9 issued to Fulton Manor Homeowners Association, Inc. quiets title in

1  Hines' former stock certificate interests in Fulton HOA in the name of Fulton Manor

2  Homeowners Association, Inc.

3      b. For reasonable attorneys fees and interest thereon at the rate of 12 percent a

4

5  year;

6      c. For costs of suit incurred; and

7      d. For any further relief as the court may deem proper.

8              ### III. THIRD CAUSE OF ACTION
           ### QUIET TITLE AS AGAINST HINES' 2010 ROGUE DEED
9      **(FULTON HOA against LISA R. HINES, all unknown Cross-Defendants,**

10                    **and ROES 1 TO 5)**

11      51.      Cross Complainant Fulton Manor Homeowners Association, Inc. repeats,

12  realleges and incorporates by reference paragraphs 1 through 38, inclusive, of this

13  Cross-Complaint, as though set forth in full.

14

15      52.      Cross-Complainant Fulton HOA is the sole fee simple title owner of record

16  of the Subject Real Property. A title report is available which proves this fact.

17      53. Fulton HOA is a California corporation operated through its Board of

18  Directors. In order to effectuate corporate action a duly called, noticed and held board of

19  directors meeting needs to occur.

20      54. When the Fulton HOA Board of Directors gave notice to Hines about a

21  corporate meeting to determine if Hines' stock certificate, membership and occupancy

22

23  agreement should be terminated because of her failure to pay regular or special

24  assessments, unbeknownst to the Board of Directors, Lisa Hines unlawfully attempted to

25  transfer a 25% interest in the cooperative's fee simple title ownership of the real property

26  it owned back to Lisa Hines.

27      55. Specifically on or about February 24, 2010, LISA R. HINES purportedly

28

---

1  signed a deed transferring a 25% interest of the cooperative's 100% fee simple interest

2  from FULTON HOA to herself by a Grant Deed ("February 24, 2010 Grant Deed"). This

3  Grant Deed was recorded on March 8, 2010 as document number 20100313003. The

4  deed reads, "for valuable consideration, receipt of which is hereby acknowledged, Lisa

5  Hines and Fulton Manor Homeowners Association, Inc. a California Corporation, forever

6  hereby grant to Lisa Hines, a single woman, the following described real property in the

7  County of Los Angeles, State of California, City of Sherman Oaks, APN 2360-020-030.

8  An undivided one-fourth interest and to lot 2 tract no. 2 of tract no. 14946 as per map

9

10 recorded in Book 30311 pages 47 and 48 of maps in the office of the county recorder of

11 said county." The deed is signed by Lisa Hines on behalf of herself, and by Lisa Hines

12

13 on behalf of "Fulton Manor HOA, Inc."

14       57.    Hines signed the deed as if she was Fulton Manor. LISA R. HINES never

15 had any authority to execute deeds on behalf of FULTON HOA. She covertly signed and

16
   recorded that rogue 2010 deed and then attempted to use it at a trial where she was
17
   trying to evict her subtenants. The court said that the rogue deed was fraudulent.
18

19       58.    In addition, LISA R. HINES had no title in Subject Real Property on the

20 date she executed the February 24, 2010 Grant Deed. Accordingly, LISA R. HINES did

21 not have any title to transfer under the February 24, 2010 Grant Deed or otherwise.

22       59.    Accordingly, the February 24, 2010 Grant Deed is a rogue deed.

23
         60.    Some of the unknown Cross-Defendants and ROES 1 through 5,may claim
24
   interests in the property adverse to Cross Complainant Fulton Manor Homeowners
25
26 Association, Inc.'s.

27       61.    Cross Complainant Fulton Manor Homeowners Association, Inc. is seeking

28 to quiet title against the claims of LISA R. HINES under the rogue February 24, 2010

1  Grant Deed, all unknown Cross-Defendants, and ROES 1 through 5, regarding the

2  Subject Real Property.  The claims of Cross-Defendants, and each of them, are without

3
   any right whatever and such Cross-Defendants, and each of them, have no right, title,
4
   estate, lien, or interest whatever in the Subject Share of Stock, the correlative real
5
6  property, or the Subject Real Property, and/or any part thereof.

7      62.    Cross Complainant Fulton Manor Homeowners Association, Inc. was

8  seized and possessed the Subject Real Property as of 2004, more than five years

9  before Hines undertook her attempted fraudulent transfer of a 25% of the cooperatives
10
   100% fee simple title ownership.
11
12     63.    Cross Complainant Fulton Manor Homeowners Association, Inc. seeks

13 judgment and an order  completely voiding, nullifying and cancelling and cancel the

14 February 24, 2010 Grant Deed.

15     64.    FULTON HOA seeks to quiet title as of March 8, 2010.

16
       65.    Cross-Complainant FULTON HOA seeks reasonable attorneys' fees
17
   incurred in handling disputes with LISA R. HINES.  The amounts of attorneys' fees
18
19 incurred by FULTON HOA do not include the amounts of attorneys' fees awarded by the

20 Court in FULTON HOA's unlawful detainer lawsuit against LISA R. HINES in Los

21 Angeles Superior Court Case No. 10B007022.

22     66.    WHEREFORE, Cross Complainant Fulton Manor Homeowners
23
   Association, Inc. prays judgment against Cross-Defendants, and each of them, as
24
   follows:
25
26     a. For quiet title In favor of Fulton Manor Homeowners Association, Inc. and

27     against Lisa Hines as of March 8, 2010 regarding the Subject Real Property

28     against any and all adverse claims by LISA R. HINES, all unknown Cross-

1    Defendants, and ROES 1-5;

2    b. For an order and judgment voiding and nullifying the February 24, 2010 Grant

3    Deed recorded on March 8, 2010 as document number 20100313003.

4

5    c. For reasonable attorneys fees;

6    d. For costs of suit incurred; and

7    e. For any further relief as the court may deem proper.

8    ### IV. FOURTH CAUSE OF ACTION
### QUIET TITLE AS AGAINST GUIBOA DEED OF TRUST
9
**(FULTON HOA against JAMES GUIBOA, as individual and as trustee of THE**
10   **GUIBOA TRUST, DATED MAY 16, 1993, Lisa HInes, all unknown Cross-Defendants,**
11   **and ROES 1 TO 5)**

12   67.    Cross Complainant Fulton Manor Homeowners Association, Inc. repeats,

13   realleges and incorporates by reference paragraphs 1 through 66, inclusive, of this

14   Cross-Complaint, as though set forth in full.

15   68.    Cross Complainant Fulton Manor Homeowners Association, Inc. is the sole

16   owner of the Subject Share of Stock, its correlative real property, and the Subject Real

17

18   Property.

19   69.    As alleged in paragraphs 6 to 14, supra, Fulton HOA asserts that it owns

20   Lisa Hines 25% undivided tenancy in common interest without any encumbrance

21   resulting from the Guiboa Deed of Trust recorded out of the chain of title.

22   70. Fulton HOA asserts that the Guiboa Deed of Trust is invalid, void, and/or

23   voidable as a rogue encumbrance.

24

25   71. Fulton HOA asserts it is has been the sole 100% fee simple title owner of the

26   Subject Real Property free and clear of any encumbrance by Guiboa.

27   72.    FULTON HOA is seeking to quiet title against the claims of JAMES

28   GUIBOA as individual and trustee of THE GUIBOA TRUST, MAY 16, 1993, Lisa Hines, .

1  and all unknown Cross-Defendants regarding the Subject Real Property.

2      73.    The claims of Cross-Defendants, and each of them, are without any right

3  whatever and such Cross-Defendants, and each of them, have no right, title, estate, lien,

4  or interest whatever in the Subject Real Property, and/or any part thereof.

5      74.    Cross Complainant Fulton Manor Homeowners Association, Inc. was

6  

7  seized and possessed of the Subject Real Property since 2004, more than five years

8  ago.

9      75.    Cross Complainant Fulton Manor Homeowners Association, Inc. further

10  requests the Court to completely void, nullify and cancel the Guiboa Deed of Trust

11  

12  recorded on April 27, 2004 as document number 000001033901 by the Recorder's

13  Office of the Los Angeles County.

14      76.    FULTON HOA seeks to quiet title as of October 13, 2004, the date that

15  Hines interest in the subject real property was deeded to Fulton HOA.

16      77.    WHEREFORE, Cross-Complainant Fulton HOA  prays judgment against

17  

18  Cross-Defendants, and each of them, as follows:

19      a. For quiet title as of October 13, 2004 regarding the Subject Real Property,

20          against any and all adverse claims by JAMES GUIBOA, as individual and as

21          trustee of THE GUIBOA TRUST, DATED MAY 16, 1993, all unknown Cross-

22          Defendants, and ROES 1-5;

23      b. For judgment and an order  voiding, nullifying and cancelling the Guiboa Deed

24          of Trust recorded on April 27, 2004 as document number 000001033901 by the

25          

26          Recorder's Office of the Los Angeles County

27      c. For attorneys fees and costs of suit incurred; and

28      d. For any further relief as the court may deem proper.

### V. FIFTH CAUSE OF ACTION
### JUDICIAL FORECLOSURE OF HINES STOCK CERTIFICATE
**(FULTON HOA against LISA R. HINES, JAMES GUIBOA, as individual and as trustee of THE GUIBOA TRUST, DATED MAY 16, 1993, all unknown Cross-Defendants, and ROES 1 TO 5)**

78.    Cross Complainant Fulton Manor Homeowners Association, Inc. repeats, realleges and incorporates by reference paragraphs 1 through 77 inclusive, of this Cross-Complaint, as though set forth in full.

79.    This cause of action is related to the First Cause of Action for Quiet Title to Hines' Stock Certificate.  While the cooperative transferred the stock certificate to its name on December 29, 2010, for which the cooperative seeks to quiet title, the cooperative seeks to foreclose on that stock certificate in lieu of and instead of, selling the stock certificate to pay off Hines' indebtedness to Fulton HOA.  As alleged above, the cooperative is owed substantial sums by Hines. Since California law construes the stock certificate as real property, but since the cooperative as a common interest development is allowed to foreclose on an owner's interest in the common interest development based upon the cooperative's legal lien on the stock certificate, therefore this judicial foreclosure cause of action is brought.  Nonjudicial foreclosure is illogical and not possible because Fulton HOA owns a 100% fee title interest in the real property.

80. Cross Complainant Fulton Manor Homeowners Association, Inc. has a lien on the Subject Share of Stock.  Bylaws Section 07.6 provides, "[t]he Corporation will have a lien on the shares of the outstanding common stock in order to secure payment of any sums which will be due or become due from the holder thereof for any reason whatsoever, including any sums due under any Occupancy Agreements."

80.    For at least the past four years, LISA R. HINES failed and refused to pay FULTON HOA for a number of special assessments.  LISA R. HINES has failed and

1  refused, and continues to fail and refuse, to make the payments of the special

2  assessments, late charges, and interest. Fulton HOA also has a monetary judgment

3  against Hines, which remains unpaid, and for which Fulton HOA seeks to foreclose on

4  the Hines Stock Certificate.

5

6       81.     Pursuant to Civil Code §1367.1 Cross Complainant Fulton Manor

7  Homeowners Association, Inc. seeks judicial foreclosure on the lien on the Subject

8  Share of Stock for indebtedness in the amount exceeding $25,000.

9

10       82.     To the extent Guiboa or any third party has any rights, title or interests in

11  Hines' Stock Certificate #7, this cause of action would foreclose upon same.

12       83.     Cross-Complainant FULTON HOA seeks reasonable attorneys' fees

13  incurred in handling disputes with LISA R. HINES.

14       84.     WHEREFORE, Cross Complainant Fulton Manor Homeowners

15  Association, Inc. requests judgment as follows:

16       a.     Judicial foreclosure upon Lisa Hines Stock Certificate #7.

17

18       b.     That the claims of JAMES GUIBOA, as an individual and as trustee

19  of THE GUIBOA TRUST, MAY 16, 1993, all unknown Cross-Defendants, and

20  Cross-Defendants ROES 1 through 5 to the Subject Share of Stock be adjudged

21  subject, subsequent, and subordinate to the lien;

22       c.     That the lien be foreclosed and the usual judgment be made for the

23  sale of the property according to law by the levying officer; that the proceeds of

24  the sale be applied to the amounts due to Cross Complainant Fulton Manor

25  Homeowners Association, Inc.; and that Cross-Defendants and all persons

26  claiming under them, after execution of the lien, as lien claimants, judgment

27  creditors, claimants under a junior deed of trust or mortgage, purchasers,

28

encumbrancers, or otherwise, be barred and foreclosed from all rights, claims, interests, or equity of redemption in the property encumbered by the lien when time for redemption has elapsed.

d.      That Cross Complainant Fulton Manor Homeowners Association, Inc. or any other party to this suit may become a purchaser at the foreclosure sale;

e.      That the levying officer, after the time for redemption has elapsed executed a deed to the purchaser at the foreclosure sale according to law, and that the purchaser be let into possession of the property on production of that deed;

f.      For reasonable attorneys fees;

g.      For costs of suit incurred; and

h.      That the Court award such other and further relief as it may deem proper.

## VI. SIXTH CAUSE OF ACTION
## DECLARATORY RELIEF
**(FULTON HOA against LISA R. HINES, JAMES GUIBOA, as individual and as, and ROES 1 TO 5)**

85. Fulton HOA realleges all the foregoing allegations fully into this sixth cause of action for Declaratory Relief.

86. An actual controversy has arisen and now exists between Cross Complainant Fulton Manor Homeowners Association, Inc., on the one part,  and Cross-Defendants concerning their respective rights, remedies, and duties in that Cross Complainant Fulton Manor Homeowners Association, Inc. contends that the Subject Share of Stock was transferred to Cross Complainant Fulton Manor Homeowners Association, Inc.

and/or was cancelled, and/or that Cross Complainant Fulton Manor Homeowners

Association, Inc. has a lien on the Subject Share of Stock, whereas LISA R. HINES

disputes these contentions and contends that the title of the Subject Real Property is

vested in her alone.

87.     Cross Complainant Fulton Manor Homeowners Association, Inc. desires a

judicial determination of its rights and duties, and a declaration that:

a.      Cross Complainant Fulton Manor Homeowners Association, Inc.

has an enforceable lien on the Subject Share of Stock;

b.      The Subject Share of Stock was deemed transferred back to Cross

Complainant Fulton Manor Homeowners Association, Inc.;

c.      The Subject Share of Stock was cancelled; and/or

d.      LISA R. HINES had an opportunity to redeem her proprietary rights,

if any, with regards to the Subject Share of Stock, the correlative real

property thereto, and the Subject Real Property, but failed to do so,

resulting in extinguishment of her rights in the Subject Share of Stock, the

correlative real property thereto, including real property rights and personal

property rights.

e. That the Guiboa Deed of Trust does not encumber Fulton Manor HOA's

100% title fee interest;

f. That Fulton HOA has the right to judicially foreclose on Hines' Share of

Stock.

88.     Judicial declarations are is necessary and appropriate at this time under

the circumstances in order that Cross Complainant Fulton Manor Homeowners

Association, Inc. may ascertain its rights and duties under the Occupancy Agreement

1   and the Bylaws. The Declaratory Relief sought would inform parties' future conduct and

2   resolve the controversy between the parties.

3       89.   Cross-Complainant FULTON HOA seeks reasonable attorneys' fees

4   incurred in handling disputes with LISA R. HINES.

5

6                              **PRAYER**

7       WHEREFORE, Cross-Complainant Fulton Manor Homeowners Association, Inc.

8   prays for judgment against Lisa Hines and the other cross defendants as follows:

9   ON THE FIRST CAUSE OF ACTION:

10

11  a.      For monetary judgement against Lisa Hines the amount of the delinquent

12          special assessments;

13  b.      For late charges in an amount according to proof;

14  c.      For interest on all the above at the rate of 12 percent

15  d.      For reasonable attorney's fees in the amount according to proof;

16  ON THE SECOND CAUSE OF ACTION:

17

18  For judgment against Cross-Defendant Lisa Hines, James Guiboa and ROES 1 to

19  5, and each of them, as follows:

20  a. For quiet title as of January 3, 2011 regarding the Subject Real Property, the

21  correlative real property, against any and all adverse claims by LISA R. HINES,

22  James Guiboa, all unknown Cross-Defendants, and ROES 1-5;

23  b. For a determination that Lisa Hines' Stock Certificate #7 is cancelled and that

24  Stock Certificate #9 issued to Fulton Manor Homeowners Association, Inc. quiets

25  title in Hines' former stock certificate interests in Fulton HOA in the name of

26  Fulton Manor Homeowners Association, Inc.

27

28  b. For reasonable attorneys fees and interest thereon at the rate of 12 percent a

year;

c. For costs of suit incurred; and

d. For any further relief as the court may deem proper.

ON THE THIRD CAUSE OF ACTION

a.    For quiet title as of January 3, 2011 regarding the Subject Real Property, the correlative real property, and the Subject Real Property, against any and all adverse claims by LISA R. HINES, all unknown Cross-Defendants, and Roes 1-5; and

b.    For reasonable attorneys fees

c.    For reasonable attorneys fees, and interest thereon at the rate of 12 percent a year;

ON THE FOURTH CAUSE OF ACTION:

a. For quiet title as of October 13, 2004 regarding the Subject Real Property, against any and all adverse claims by JAMES GUIBOA, as individual and as trustee of THE GUIBOA TRUST, DATED MAY 16, 1993, all unknown Cross-Defendants, and ROES 1-5;

b. For judgment and an order voiding, nullifying and cancelling the Guiboa Deed of Trust recorded on April 27, 2004 as document number 000001033901 by the Recorder's Office of the Los Angeles County

c. For attorneys fees and costs of suit incurred; and

d. For any further relief as the court may deem proper

ON THE FIFTH CAUSE OF ACTION:

a.    Judicial foreclosure upon Lisa Hines Stock Certificate #7.

FULTON MANOR HOMEOWNERS ASSOCIATION, INC.'S VERIFIED CROSS-COMPLAINT

b.    That the claims of JAMES GUIBOA, as an individual and as trustee of THE GUIBOA TRUST, MAY 16, 1993, all unknown Cross-Defendants, and Cross-Defendants ROES 1 through 5 to the Subject Share of Stock be adjudged subject, subsequent, and subordinate to the lien;

c.    That the lien be foreclosed and the usual judgment be made for the sale of the property according to law by the levying officer; that the proceeds of the sale be applied to the amounts due to Cross Complainant Fulton Manor Homeowners Association, Inc.; and that Cross-Defendants and all persons claiming under them, after execution of the lien, as lien claimants, judgment creditors, claimants under a junior deed of trust or mortgage, purchasers, encumbrancers, or otherwise, be barred and foreclosed from all rights, claims, interests, or equity of redemption in the property encumbered by the lien when time for redemption has elapsed.

d.    That Cross Complainant Fulton Manor Homeowners Association, Inc. or any other party to this suit may become a purchaser at the foreclosure sale;

e.    That the levying officer, after the time for redemption has elapsed executed a deed to the purchaser at the foreclosure sale according to law, and that the purchaser be let into possession of the property on production of that deed;

f.    For reasonable attorneys fees;

g.    For costs of suit incurred; and

h.    That the Court award such other and further relief as it may deem proper.

ON THE SIXTH CAUSE OF ACTION:

For Judicial declarations on the following matters:

a.    That Cross Complainant Fulton Manor Homeowners Association, Inc. has an enforceable lien on the Subject Share of Stock;

b.    That the Subject Share of Stock was deemed transferred back to Cross Complainant Fulton Manor Homeowners Association, Inc.;

c.    That the Subject Share of Stock was cancelled

d.    That LISA R. HINES had an opportunity to redeem her proprietary rights, if any, with regards to the Subject Share of Stock, the correlative real property thereto, and the Subject Real Property, but failed to do so, resulting in extinguishment of her rights in the Subject Share of Stock, the correlative real property thereto, including real property rights and personal property rights.

e.    That the Guiboa Deed of Trust does not encumber Fulton Manor HOA's 100% title fee interest;

f.    That Fulton HOA has the right to judicially foreclose on Hines' Share of Stock.

Dated: April 8, 2012

Law Offices of Lottie Cohen

Lottie Cohen, Attorney for Cross Complainant Fulton Manor Homeowners Association, Inc.

FULTON MANOR HOMEOWNERS ASSOCIATION, INC.'S VERIFIED CROSS-COMPLAINT

1

## PROOF OF SERVICE
### C.C.P. SECTIONS 1013(a) and 2015.5

2

STATE OF CALIFORNIA )

3

COUNTY OF LOS ANGELES )

4

5   I am a resident of the County aforesaid. I am over the age of eighteen years, and not a party to the within entitled action. My address is 3637 Motor Avenue, Suite 360, Los Angeles, CA 90034.

6

7   On the date stated below, I served the following documents entitled:

### CROSS COMPLAINT

8

9   upon the interested parties in the action by placing a true copy thereof prepaid, in the United States mail at Los Angeles, California addressed as follows:

10

11   John Griffin, Attorney
Green & Hall
1851 East First Street, 10th Floor
12   Santa Ana, CA 92705

13   Ms. Lisa Hines
15606 Simonds Street
14   Granada Hills, CA 91344

15   Sasha Van Duyn
4539 ½ Fulton Avenue
16   Sherman Oaks, CA 91423-3251

17   Ryan C. Squire
Garret & Tully
18   225 S. Lake Ave. Ste 1400
Pasadena, CA 91101-4869

19

20   __X__   **(REGULAR MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for
21   mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the
22   ordinary course of business. I am aware that on motion of the party served, service       is presumed invalid if a postal cancellation date or postage meter
23   date is more than one day after date of deposit for mailing an affidavit.

24   __X__   **(STATE)** I declare under a penalty of perjury pursuant to the Laws of the State of California that the foregoing is true and correct.

25

26   Executed this 9th day of April, 2012, at Los Angeles, California.

27                                   _a. Medina_
                                   Adriana Medina

28

## VERIFICATION

I am an Officer of Fulton Manor Homeowners Association Inc., a party to this action, and am authorized to make this verification on its behalf. I have read the foregoing document and know its contents. The matters stated in the foregoing document are true of my own personal knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct.

Executed on _April 9, 2012_, at Studio City, Los Angeles, California.



Michael Yaghoubi

Z:\FULTONCOOP\LISAHINES\Cross Complaint\Verification.wpd

**EXHIBIT 2**

**This page is part of your document - DO NOT DISCARD**



## 20120041766



**Pages:
0006**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/10/12 AT 04:04PM**

| | |
|---|---|
| FEES: | 51.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 51.00 |



**L E A D S H E E T**



201201100770268

**00005190157**



003723903

**SEQ:
01**

**DAR - Mail (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

E535755



**RECORDING REQUEST BY**
**AND  WHEN RECORDED MAIL TO:**

**NAME**      LOTTIE COHEN, ATTORNEY

**MAILING ADDRESS:**
3637 MOTOR AVENUE, SUIT 360, LOS
ANGELES, CA 90034

**PHONE: 1-310-204-0099**

01/10/2012

*20120041766*

## ABSTRACT OF JUDGMENT

3

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number, and telephone number)*:

Recording requested by and return to:

Lottie Cohen, SBN 094674
Law Offices of Lottie Cohen
3637 Motor Avenue
Suite 360
Los Angeles, CA 90034
(310) 204-0099

| X | ATTORNEY FOR | X | JUDGMENT CREDITOR | | ASSIGNEE OF RECORD |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: The same
CITY AND ZIP CODE: Van Nuys, California 91401
BRANCH NAME: Van Nuys Courthouse East

FOR RECORDER'S USE ONLY

PLAINTIFF: FULTON MANOR HOMEOWNERS ASSOCIATION, INC.

DEFENDANT: LISA HINES, ET AL.

CASE NUMBER:
~~10B50022~~  10B07022 ✕

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | | Amended |

FOR COURT USE ONLY

1. The [X] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
        Name and last known address

   LISA HINES
   15606 SIMONDS STREET
   GRANADA HILLS, CA 91344
   APN 2662-006-030

   b. Driver's license no. [last 4 digits] and state:          [X] Unknown
   c. Social security no. [last 4 digits]:                          [X] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address)*:

2. [X] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address)*:
   FULTON MANOR HOMEOWNERS ASSOCIATION, INC.

Date: SEPTEMBER 14, 2011

LOTTIE COHEN, ATTORNEY FOR JUDGMENT CREDITOR
              *(TYPE OR PRINT NAME)*

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

                                    *(SIGNATURE OF APPLICANT OR ATTORNEY)*

6. Total amount of judgment as entered or last renewed:
   $ 9,008.00 SEE ATTACHMENT #6

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date)*: 12/29/2010
   b. Renewal entered on *(date)*: See Attachment #6.

9. [ ] This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date)*:
NOV 0 3 2011  JOHN A. CLARKE

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address)*:

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date)*:

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.
    Clerk, by _____, Deputy
                                    JUAN GOMEZ

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Legal
Solutions
& Plus

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

4

| PLAINTIFF: FULTON MANOR HOMEOWNERS ASSOCIATION, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT: LISA HINES, ET AL. | 10B0022 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*        14. Judgment creditor *(name and address):*

15. [  ]  Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.                Name and last known address

LISA HINES
7542 NEWCASTLE AVENUE
RESEDA, CA 91335
APN 2120-023-022

Driver's license no. [last 4 digits]
and state:                                          [X] Unknown
Social security no. [last 4 digits]:                [X] Unknown
Summons was personally served at or mailed to *(address):*

15606 SIMONDS ST.

GRANADA HILLS, CA 91344

17.                Name and last known address

LISA HINES
20629 LONDELIUS STREET
WINNETEKA, CA 91306
APN 2780-012-017

Driver's license no. [last 4 digits]
and state:                                          [X] Unknown
Social security no. [last 4 digits]:                [X] Unknown
Summons was personally served at or mailed to *(address):*

15606 SIMONDS ST.

GRANADA HILLS, CA 91344

18.                Name and last known address

LISA HINES
9076 WILLIS AVENUE
PANORAMA CITY, CA 91402
APN 2651-012-208

Driver's license no. [last 4 digits]
and state:                                          [X] Unknown
Social security no. [last 4 digits]:                [X] Unknown
Summons was personally served at or mailed to *(address):*

LISA HINES

15606 SIMONDS ST.

GRANADA HILLS, CA 91344

19.                Name and last known address

LISA HINES
10757 HORTENSE STREET
TOLUCA LAKE, CA 91606 A
APN 2421-024-044

Driver's license no. [last 4 digits]
and state:                                          [X] Unknown
Social security no. [last 4 digits]:                [X] Unknown
Summons was personally served at or mailed to *(address):*

LISA HINES

15606 SIMONDS ST.

GRANADA HILLS, CA 91344

20. [X]  Continued on Attachment 20.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

ATTACHMENT

| | |
|---|---|
| PLAINTIFF:  FULTON MANOR HOMEOWNERS ASSOCIATION, INC. | CASE NUMBER: |
| DEFENDANT:  LISA HINES, HER TENANTS, SUBTENANTS, GUESTS, VISITORS | |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13.  Judgment creditor *(name and address):*

14.  Judgment creditor *(name and address):*

15.  ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. 20    Name and last known address

LISA HINES
13463 HUBBARD STREET, #1
LOS ANGELES 91342
APN 2510-020-063

Driver's license no. [last 4 digits]
and state:                                    ☒ Unknown
Social security no. [last 4 digits]:          ☒ Unknown
Summons was personally served at or mailed to *(address):*

LISA HINES

15606 SIMONDS STREET

GRANADA HILLS, 91342

17. 21    Name and last known address

LISA HINES
15501 SEPTO STREET
MISSION HILLS, CA 91345
APN 2660-006-030

Driver's license no. [last 4 digits]
and state:                                    ☒ Unknown
Social security no. [last 4 digits]:          ☒ Unknown
Summons was personally served at or mailed to *(address):*

LISA HINES

15606 SIMONDS STREET

GRANADA HILLS, CA 91344

18.    Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown
Social security no. [last 4 digits]:          ☐ Unknown
Summons was personally served at or mailed to *(address):*

19.    Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown
Social security no. [last 4 digits]:          ☐ Unknown
Summons was personally served at or mailed to *(address):*

20.  ☐ Continued on Attachment 20.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

**THIS IS ATTACHMENT #6 TO THE ABSTRACT FOR JUDGMENT**

A.    This  Judgment dated and  entered on December 29, 2010 granted the following

monetary amounts:

    rent in the amount of $250.00

    statutory damages for the unlawful detainer in the amount of $345.00

Subtotal per Judgment Attached Hereto                                               **$  595.00**

B.    Plaintiff's unchallenged costs per the Memorandum of Costs

entered on              2011 are inn the amount of $595.00

Subtotal for additional Costs per Memorandum of Costs Attached Hereto  **$  250.00**

C.    The Court's Order Granting  attorney' s fees entered on

June 24 2011 is in the amount of $8,163.00.

Subtotal for Attorneys Fees per Court Order Attached Hereto             **$8,163.00**

Total Amount Due on Judgment as of December 28, 2010                   **$9,008.00**

1

ATTACHMENT #6 TO ABSTRACT OF JUDGMENT

\\OCTOPUS\octowork\FULTONCOOP\LISAHINES\Pleadings\ATTACHMENT6 TO ABSTRACT FOR JUDGMENT.wpd

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LOTTIE COHEN, Attorney at Law, SBN 094674<br>LAW OFFICES OF LOTTIE COHEN<br>3637 Motor Ave., Suite 360<br>Los Angeles, CA 90034<br>Tel.: (310) 204-0099<br>Fax: (310) 204-0095<br>Email: lottie.cohen@hotmail.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re: | CASE NO.: 1:13-bk-16160-AA |
|---|---|
| | CHAPTER: 7 |
| BOYD, LISA DUNN | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)** |
| | DATE: 11/19/2014<br>TIME: 11:30 am<br>COURTROOM: 1568<br>PLACE: 21041 Burbank Boulevard,<br>Woodland Hills, CA 91367 |
| Debtor(s). | |

**MOVANT:** FULTON MANOR HOMEOWNERS ASSOCIATION, INC.

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action: Lisa Hines v. Fulton Manor Homeowners, Association, Inc.  (& cross-complaint)

   Docket number: LC093980

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:

   Los Angeles Superior Court, Northwest District, 6230 Sylmar Ave., Van Nuys, CA 91401

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3.  The Motion is granted under 11 U.S.C. § 362(d)(1).

4.  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

    c.  ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5.  **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

    a.  ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

    b.  ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6.  This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.  ☒ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☒ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other *(specify)*:

    Movant shall be entitled to obtain a judgment on the subject cross-complaint, Count 1 for Collection of Special Assessments, with the limitation that satisfaction for this count shall be limited to debtor's stock certificate interest pled in the cross-complaint.

Date: _____        _____
                                        United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                     Page 2                     F 4001-1.RFS.NONBK.ORDER